# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:17CR00020-17 |
| v. ) | **OPINION AND ORDER** |
| **LELANA LONG,** ) | JUDGE JAMES P. JONES |
| Defendant. ) | |

*Lelana Long, Pro Se Defendant.*

The defendant, Lelana Long, sentenced by this court in 2018 to 121 months of incarceration following her guilty plea to a drug-related conspiracy, 21 U.S.C. §§ 846, 841(b)(1)(A), has filed a letter which the court has treated as a motion under 18 U.S.C. § 3582(c)(1)(A). The motion will be denied.

Ms. Long's projected release date is October 18, 2024. The court has denied two prior motions for compassionate release pursuant to § 3582(c)(1)(A) filed by the defendant, the latest on January 19, 2021. In the present motion, she alleges that the Bureau of Prisons (BOP) has unlawfully denied her application for halfway house placement and that she has a grievance pending on that issue. The defendant further contends that she has taken extraordinary steps towards rehabilitation, including participating in the BOP's Residential Drug Treatment Program and the Female Integrated Treatment Program.

Finally, Ms. Long contends that had she been sentenced after the First Step Act, she could have been sentenced below the mandatory minimum under the "safety valve" provision of the federal sentencing statutes, thus showing a disparity in treatment.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence. Even if the court finds an extraordinary and compelling reason, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

While I appreciate Ms. Long's efforts in rehabilitation, as well as her dispute with the BOP, I do not find under the circumstances related by her that these grounds are extraordinary and compelling.

As for the safety valve statute, 18 U.S.C. 3553(f), it requires the sentencing court to ignore any statutory mandatory minimum imposed for certain drug crimes and instead consider the sentencing guidelines established in the case. Ms. Long

had a sentencing guideline range of 121 to 151 months of imprisonment, with a mandatory minimum sentence of 120 months. She had a criminal history category of II, based on three criminal history points, consisting of three 1-point offenses. At that time, safety valve eligibility was limited to defendants who had no more than a 1-point offense  In the First Step Act of 2018, enacted on December 21, 2018, after the defendant was sentenced,  the safety valve provision was broadened, Title IV, § 402(a), 132 Stat. 5221, so that the defendant would have been eligible.[1]

While the disparity resulting from this change in law might otherwise constitute an extraordinary and compelling basis for relief, after carefully considering Ms. Long's history and characteristics and the nature of her crime, I will not exercise my discretion to reduce her sentence.

Accordingly, it is **ORDERED** that the motion, ECF No. 951, is DENIED.

ENTER:  October 18, 2023

/s/  JAMES P. JONES
Senior United States District Judge

---

[1] The Supreme Court has granted certiorari to decide the proper interpretation of the amendment. The question is whether a defendant qualifies so long as she does not have (A) more than 4 criminal history points, (B) a 3-point offense, *and* (C) a 2-point offense OR whether a defendant satisfies the test if she does not have (A) more than 4 criminal history points, (B) a 3-point offense, *or* (C) a 2-point offense. *Pulsifer v. United States,* 143 S. Ct. 978 (2023). How that turns out does not affect Ms. Long's situation.